EOD 11/20/01

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED-CLERK
U.S. DISTRICT COURT
01 NOV 19 AM 9:55
TX EASTERN-BEAUMONT
BY_____

| | | |
|---|---|---|
| MATTHEWS SMITH, et al., | § § | |
| Plaintiff, | § § | |
| v. | § | C. A. NO. 1:96-CV-0749 |
| TEXACO, INC., et al., | § § § | |
| Defendants. | § | |

## ORDER AND FINAL JUDGMENT

On August 24, 2001, Plaintiffs, acting on behalf of themselves and the Settlement Class, entered into a Stipulation and Settlement Agreement (the "Settlement Agreement") with Defendants and have applied to this Court for approval of the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. This Order hereby incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

By this Court's Order Requiring Settlement Notice to Be Published (the "Notice Order"), this Court certified a class for settlement purposes pursuant to Fed. R. Civ. P. 23 consisting of all African-American employees of Star Enterprise at any time from March 23, 1991 to April 1, 1999 who have held or who have tried to obtain a managerial, supervisory or professional salaried position, and who have been adversely affected by Star's alleged racially discriminatory employment and practices, specifically excluding (i) any hourly individuals who have tried to obtain salaried positions, and (ii) any former employees who either voluntarily released all claims upon separation,

332

or whose claims, asserted at or after separation, are foreclosed by adjudication or administrative determination.

Pursuant to the Settlement Agreement, this Court scheduled a hearing for November 19, 2001 at 9:30 a.m. to (a) determine whether the proposed Settlement is fair, reasonable, adequate, in good faith, and should be approved, (b) determine whether final judgment pursuant to Fed. R. Civ. P. 54(b) should be entered dismissing the Action with prejudice and without costs; (c) determine whether the proposed Plan of Allocation of the Net Settlement Fund is fair, reasonable and adequate, (d) consider the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses; and (e) determine whether Incentive Awards should be made to the named Class Representatives and Class Members who participated in mediation of the dispute. This court ordered that the Notice of Pending Settlement of Class Action and Fairness Hearing (the "Settlement Notice") be mailed to all Class Members at the address of each such person previously identified as a Class Member.

As attested by the pleadings of Class Counsel filed with this Court on November 1, 2001, the provisions of the Notice Order as to notice were complied with. Moreover, the hearing on the proposed Settlement was held before this Court on November 19, 2001, at which time all interested persons were afforded the opportunity to be heard. This Court has duly considered all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, this Court hereby ORDERS, CONCLUDES, ADJUDGES and DECREES that:

1. For purposes of this Order and Final Judgment, the terms "Class" or "Settlement Class" shall mean all African-American employees of Star Enterprise at any time from March 23, 1991 to April 1, 1999 who have held or who have tried to obtain a managerial, supervisory or

professional salaried position, and who have been adversely affected by Star's alleged racially discriminatory employment and practices, specifically excluding (i) any hourly individuals who have tried to obtain salaried positions, and (ii) any former employees who either voluntarily released all claims upon separation, or whose claims, asserted at or after separation, are foreclosed by adjudication or administrative determination.

2. This Order is binding on all members of the Settlement Class. Upon review of the request by Ms. Pat Cole to withdraw her request for exclusion from the Settlement Class, the Court finds that Ms. Cole is hereby deemed a member of the Settlement Class, and her request for exclusion is void.

3. The proposed Settlement of the Action on the terms and conditions set forth in the Settlement Agreement is in all respects fair, reasonable and adequate, is in the best interests of the Class and should be approved, especially in light of the benefits to the Class and the complexity, expense and probable duration of further litigation, and the risks of establishing liability and damages on behalf of the Class.

4. The notification given to the Settlement Class constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

5. The Plan of Allocation of the Net Settlement Fund, as set forth in the Settlement Notice is, in all respects, fair, reasonable, adequate and is approved.

6. Entry of this Order and Final Judgment will settle and discharge (i) all claims alleged in the Action between Plaintiffs and the Class, on the one hand, and Defendants and Related Entities on the other; and (ii) the Released Claims defined below.

7. The "Released Claims" means any and all claims, demands and causes of action of whatsoever nature, presently known or unknown, under federal, state or other law that have been, or could have been asserted against Defendants and Related Entities, for all remedies at law or in equity, including but not limited to actual damages or equitable relief, exemplary or punitive damages, penalties or fines, and prejudgment and post judgment interest, costs and attorneys' fees, arising out of or relating to employment and/or affiliation with, or termination or separation from employment with Defendants or Related Entities prior to the date of this Dismissal Order, including, but not limited to, the following: (a) any statutory claims of employment discrimination, including retaliation, disparate treatment or disparate impact in employment by Defendants or Related Entities on the basis of age, disability, gender, national origin, race, religion or any other protected classification, or arising under such statutes as the Age Discrimination in Employment Act of 1967, as amended, the Americans with Disabilities Act of 1990, the Civil Rights Acts of 1964 and 1991, 42 U.S.C. § 1981, the Rehabilitation Act of 1973, the Texas Commission on Human Rights Act or any like federal, state or local statute or regulation; (b) any claims, matters or actions arising from any prior agreements between a Class Member and any Defendant or Related Entity related to employment, termination or separation from employment with any Defendant or Related Entity; and (c) any tort or contract claims relating to employment, termination or separation from employment with any Defendant or Related Entity, other than workers' compensation claims and latent occupational disease claims.

8. All claims alleged in this Action, and all Released Claims, are hereby dismissed in their entirety on the merits, with prejudice, and without costs to any party.

9. Plaintiffs, each member of the Class, their successors, heirs and assigns, and anyone acting on their behalf, including in a representative or derivative capacity, are hereby permanently

enjoined and restrained from asserting, instituting or prosecuting, either directly or indirectly, in any suit, action, proceeding or dispute, any Released Claim, in whole or in part, against Defendants or Related Entities in any state or federal court or other forum.

10. Defendants and Related Entities shall have no role in or responsibility for the form, substance, method or manner of administration or distribution of the Settlement Fund to Class Members. Neither Defendants nor Related Entities shall have any responsibility for or liability with respect to the administration or the allocation of the Settlement Fund including, without limitation, the distributions from the Settlement Fund, or any loss incurred by any escrow agent or by the Settlement Administrator.

11. This Order and Final Judgment, and all papers related thereto are not, and shall not be construed to be, an admission by Defendants and Related Entities of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in this or any other proceeding.

12. The administration of the Settlement, and all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the Settlement Fund, shall be under the authority of the Court.

13. This Court's Revised Order of August 4, 1998 is hereby revoked.

14. The Court's Document Preservation Orders of March 4, 1997, directed to Star Enterprise and Texaco Inc. shall be revoked, becoming null and void on February 1, 2001, and Star Enterprise and Texaco may dispose of, or retain, any and all preserved documents as they would in the normal course of business, unless any party shows good cause, before February 1, 2001 why such Orders should not be revoked, and this Court issues further orders.

15. Jurisdiction is hereby reserved over all matters relating to the consummation of the Settlement in accordance with the Settlement Agreement. Without affecting the finality of this Judgment, the Court also retains jurisdiction over the Settlement Fund for the purpose of enabling the Administrator or Class Counsel to apply to the Court at any time for further orders and directions as may be necessary or appropriate for the administration of the Settlement Fund.

16. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this judgment.

IT IS SO ORDERED.

Dated: *November 19, 2001*
Beaumont, Texas

*/s/ Howell Cobb*
HONORABLE HOWELL COBB
UNITED STATES DISTRICT JUDGE